# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS GARCIA,<br>CDCR #E-14150,<br><br>                               Plaintiff,<br><br>vs.<br><br>KAMALA D. HARRIS;<br>ERIK H. HOLDER, U.S. Attorney<br>General,<br><br>                            Defendants. | Civil No.    15cv0215 BTM (DHB)<br><br>**ORDER DISMISSING CIVIL ACTION:**<br><br>**1)  FOR FAILING TO PAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO MOVE TO PROCEED** ***IN FORMA PAUPERIS*** **PURSUANT TO 28 U.S.C. § 1915(a)**<br><br>**AND**<br><br>**2)  FOR LACK OF PROPER VENUE PURSUANT TO 28 U.S.C. § 1391(a) AND 28 U.S.C. § 1406(a)** |

      Jose Luis Garcia ("Plaintiff"), a prisoner currently incarcerated at High Desert State Prison ("HDSP") in Susanville, California, and proceeding pro se, has filed a two-page pleading entitled "Motion to Request for Stolen Documents from State and Federal Habeas Corpus" (ECF No. 1).

      While not altogether clear, it appears Plaintiff seeks to recover damages for documents he claims were "lost or destroyed" in an unidentified state and/or federal habeas corpus proceeding, and for this court to order his "unconditional release" due to

the "crime" which he alleges was "committed by C/O Parker, the Committee at MCSP (Mule Creek State Prison) and multiple adverse parties." *See* ECF No. 1 at 1-2. Attached to Plaintiff's Motion are various exhibits en-captioned with Case Nos. "2:13-cv-02385-AC" and 2:14-cv-00865-CMK," which appear to be motions, declarations, and other assorted documents related to two civil rights actions he has filed, and which remain pending, before the Eastern District of California. *Id.* at 3-55, Exs. A-I.[1]

Because Plaintiff is proceeding without counsel, the Court liberally construed his Motion as an attempt to commence a separate civil action in this district, and assigned it Civil Case No. 3:15-cv-00215 BTM (DHB). *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988) (where a plaintiff appears in propria persona, the Court must construe his pleadings liberally and afford plaintiff any benefit of the doubt).

## I.  FAILURE TO PAY FILING FEE OR REQUEST IFP STATUS

However, all parties instituting any civil action, suit or proceeding in any district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[2] An action may proceed despite a party's failure to pay this filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Plaintiff has not prepaid the $400 in filing and administrative fees required to commence a separate civil action in this Court, nor has he submitted a Motion to Proceed IFP as required by 28 U.S.C. § 1915(a). Therefore, no civil action can yet proceed here. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

---

[1] The Court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (district court) (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

## II. INITIAL REVIEW OF PLAINTIFF'S PLEADING

Moreover, pursuant to the Prison Litigation Reform Act, the Court must also "review, before docketing or as soon thereafter as practicable, any civil action brought by a prisoner seeking redress from a governmental entity, officer or employee," and dismiss complaints or any portion thereof that are "frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seek[ing] monetary relief from a defendant who is immune" pursuant to 28 U.S.C. § 1915A(a), (b). *See Hamilton v. Brown*, 630 F.3d 889, 892 n.3 (9th Cir. 2011).

"The first step in a civil action in a United States district court is the filing of [a] complaint with the clerk or the judge." 4 Wright, Miller, Kane, Marcus & Steinman, FED. PRAC. & PROC. CIV. § 1052 (3d ed. 2002 & Supp. 2014); FED. R. CIV. P. 3 ("A civil action is commenced by filing a *complaint* with the court.") (emphasis added); *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) ("Rule 3 provides that a civil action is commenced by filing a complaint with the court.").

Federal Rule of Civil Procedure 8(a), further requires a complaint to contain: "(1) a short and plain statement of the grounds for the court's jurisdiction," . . . (2) a short and plain statement showing that the pleader is entitled to relief; and (3) a demand for the relief sought." FED. R. CIV. P. 8(a)(1)-(3). And while Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The Motion Plaintiff has submitted, even if liberally construed as a complaint pursuant to FED. R. CIV. P. 3, fails to comply with Rule 8 insofar as it fails to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). First, Plaintiff names California Attorney General Kamala Harris, and former U.S. Attorney General Erik H. Holder, as the sole Defendants in the caption of his Motion. He presumably invokes federal question jurisdiction pursuant to 28 U.S.C. § 1331 based on the violation of his due process rights at MCSP and allegedly lost or

destroyed documents related to an unidentified state or federal habeas petition; but he has failed to include any "factual content that allows the court to draw the reasonable inference that [either of these] defendant[s] is liable for the misconduct alleged." *Id.* at 678. "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution." *Id.* at 676; *see also SEC v. Ross*, 504 F.3d 1130 (9th Cir. 2007) (finding motion for disgorgement of ill-gotten gains insufficient to commence a civil action against subject of motion); *Radin v. Jersey City Medical Center*, 375 Fed. Appx. 205 (3d Cir. 2010) (otherwise blank document containing only caption heading naming one defendant followed by "et al." not "a complaint" sufficient for commencement of suit under Rule 3).

Second, while the Court would normally grant Plaintiff an opportunity to either submit the full filing fee or file a Motion to Proceed IFP in order to proceed, a further review of his submissions reveals that his case lacks proper venue. Venue may be raised by a court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

Section 1391(b) of Title 28 of the U.S. Code provides, in pertinent part, that a "civil action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]" 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Plaintiff is currently incarcerated at HDSP, and he fails to allege a county of residence for either Defendant Harris or Holder. Moreover, the only factual allegations

in his Motion involve a Correctional Officer named Parker (who is not named as a Defendant), and "the Committee at MCSP," whom he claims somehow "hinder[ed] or "obstruct[ed]" his "liberty" by allegedly either losing or destroying "documents regarding [his] state and federal habeas corpus" proceedings. *See* ECF No. 1 at 1. Thus, to the extent it appears the substantial part of the events or omissions giving rise to Plaintiff's claims occurred at MCSP, in Ione, California, located in Amador County, or to the extent the exhibits attached to his Motion indicate his claims are related to two different civil rights actions currently pending in the Eastern District of California, *see* ECF No. 1, Exs. A-I at 3-55 (citing *Garcia v. Sahir, et al.,* E.D. Cal. Civil Case No. 2:13-cv-02385-AC, and *Garcia v. Foulk*, E.D. Cal. Civil Case No. 2:14-cv-00865-CMK), venue is proper in the Eastern District of California, pursuant to 28 U.S.C. § 84(b), but not in the Southern District of California, pursuant to 28 U.S.C. § 84(d) ("The Southern District [of California] comprises the counties of Imperial and San Diego."). *See* 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488.

### III. Conclusion and Order

Accordingly, the Court DISMISSES this civil action sua sponte without prejudice based on Plaintiff's failure to prepay the $400 filing fee required by 28 U.S.C. § 1914(a), his failure to file a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a), and for lack of proper venue pursuant to 28 U.S.C. § 1391(b) and § 1406(a).

IT IS SO ORDERED.

DATED: May 18, 2015

BARRY TED MOSKOWITZ, Chief Judge
United States District Court