# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS GARCIA, aka Avelino Castillon Torres, CDCR #E-14150, <br><br> Plaintiff, <br><br> vs. <br><br> KAMALA D. HARRIS; ERIK H. HOLDER, U.S. Attorney General, <br><br> Defendants. | Civil No.   15cv0215 BTM (DHB) <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION PURSUANT TO FED. R. CIV. P. 60(b)** <br><br> **[Doc. No. 5]** |

## I.   Procedural History

On January 26, 2015, Jose Luis Garcia ("Plaintiff"), a prisoner proceeding pro se and currently incarcerated at High Desert State Prison ("HDSP"), filed this civil action, comprised of a two-page pleading entitled "Motion to Request for Stolen Documents from State and Federal Habeas Corpus" (Doc. No. 1).

While it was not altogether clear, the Court liberally construed Plaintiff's pleading, in light of his pro se status, as an attempt to recover monetary damages for documents he claimed were "lost or destroyed" in an unidentified state and/or federal habeas corpus proceeding. He also asked this Court to order his "unconditional

release" due to a "crime" he alleged was "committed by C/O Parker, the Committee at MCSP (Mule Creek State Prison) and multiple adverse parties." *See* Doc. No. 1 at 1-2.[1]

Because Plaintiff did not pay the $400 civil filing fee required by 28 U.S.C. § 1914(a), or submit a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) at the time he initiated suit, his case was dismissed without prejudice. *See* May 18, 2015 Order (Doc. No. 2). However, the Court simultaneously conducted its initial screening of Plaintiff's pleading as required by 28 U.S.C. § 1915A, and noted that while it "would normally grant Plaintiff an opportunity to either submit the full filing fee or file a Motion to Proceed IFP," doing so would be futile because a review of Plaintiff's pleading "reveal[ed] that his case lack[ed] proper venue." *Id.* at 4.

Specifically, the Court noted Plaintiff failed to allege a county of residence for either Defendant Harris or Holder, and that the few factual allegations he did include in his pleading involved a Correctional Officer named Parker (who was not named as a Defendant), and "the Committee at MCSP," whom he claimed "hinder[ed] or obstruct[ed]" his "liberty" by either losing or destroying "documents regarding [his] state and federal habeas corpus" proceedings. *See* Doc. No. 1 at 1; *see also Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979) (plaintiff bears the burden of showing venue is proper).

Therefore, to the extent it appeared the substantial part of the events or omissions giving rise to Plaintiff's claims occurred at MCSP, in Ione, California, and located in Amador County, or to the extent the exhibits attached to his pleading

---

[1] The Court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (district court (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n.2 (9th Cir. 2002)). Attached to Plaintiff's Motion were various exhibits en-captioned with Case Nos. "2:13-cv-02385-AC" and 2:14-cv-00865-CMK," which appeared to be motions, declarations, and other assorted documents related to two *civil rights* actions Plaintiff filed, and which were still pending in the Eastern District of California. *See* Doc. No. 1 at 3-55, Exs. A-I.

implied his claims were related to two different civil rights actions pending in the Eastern District of California, *see* Doc. No. 1, Exs. A-I at 3-55 (citing *Garcia v. Sahir, et al.,* E.D. Cal. Civil Case No. 2:13-cv-02385-AC, and *Garcia v. Foulk*, E.D. Cal. Civil Case No. 2:14-cv-00865-CMK), venue appeared proper in the Eastern District of California, pursuant to 28 U.S.C. § 84(b), but not in the Southern District of California, pursuant to 28 U.S.C. § 84(d) ("The Southern District [of California] comprises the counties of Imperial and San Diego."). *See* May 18, 2015 Order (Doc. No. 2) at 4-5 (citing 28 U.S.C. § 1391(b); *Costlow v. Weeks,* 790 F.2d 1486, 1488 (9th Cir. 1986)).

Plaintiff has since filed a document entitled "Motion for Reconsideration of Abuse of Discretion in Support of Motion to Proceed IFP." (Doc. No. 5.)

**II.     Plaintiff's Motion for Reconsideration**

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. However, the Court may reconsider matters previously decided under Rule 60(b). *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994). Rule 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005); *Wood v. Ryan*, 759 F.3d 1117, 1119 (9th Cir. 2014). A district court may properly reconsider and grant relief from a final judgment or order pursuant to Rule 60(b) if it "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Plaintiff's Motion for Reconsideration points to no newly discovered evidence, identifies no intervening change in the legal basis for this Court's May 18, 2015 Order of dismissal, and offers no argument or evidence to suggest the Court was mistaken in either dismissing his case for failing to pay filing fees, failing to file a

1 | Motion to Proceed IFP, or for failing to allege that the Southern District of California
2 | was the proper venue. Instead, it asks this Court to "end [his] obligation to pay the
3 | statutory filing fee." *See* Pl.'s Mot. (Doc. No. 5) at 1.
4 |  In support, Plaintiff again attaches what appear to be copies of similar motions
5 | he filed in Lassen County Superior Court, and in *Garcia v. Sahir, et al.,* E.D. Cal.
6 | Civil Case No. 2:13-cv-02385-AC and *Garcia v. Foulk*, E.D. Cal. Civil Case No.
7 | 2:14-cv-00865-CMK, together with a Declaration attesting that he is "absolutely
8 | broke," yet prison officials at HDSP continue to garnish his prison trust account for
9 | fees due in *Garcia v. Foulk*, E.D. Cal. Civil Case No. 2:14-cv-00865-CMK. *See* Pl.'s
10 | Mot. (Doc. No. 5) at Ex. A at 5-7, 15.
11 |  Because Plaintiff never sought leave to proceed IFP in *this* case, he has not
12 | been "required to pay the full amount of a filing fee" pursuant to 28 U.S.C.
13 | § 1915(b)(1) based on the initiation of this action, and no fees allegedly being
14 | garnished by HDSP officials are attributable to any Order issued by this Court. To the
15 | extent Plaintiff seeks reconsideration of any non-final Order issued in his Eastern
16 | District of California case, only that Court, or, in the event of a final judgment, the
17 | U.S. Court of Appeals for the Ninth Circuit, has jurisdiction. In short, this Court has
18 | no authority to intercede in Plaintiff's Eastern District case. *See* 28 U.S.C. § 1291
19 | (vesting appellate jurisdiction over all "final decisions of the district courts" in the
20 | courts of appeal); *In re McBryde*, 117 F.3d 208, 223, 225-26 & n.11 (5th Cir. 1997)
21 | ("[T]he structure of the federal courts does not allow one judge of a district court to
22 | rule directly on the legality of another district judge's judicial acts or to deny another
23 | district judge his or her lawful jurisdiction."); *see also Exxon Mobil Corp. v. Saudi*
24 | *Basic Industries Corp.*, 544 U.S. 280, 283 (2005) ("Federal district courts . . . are
25 | empowered to exercise original, not appellate, jurisdiction.").
26 | / / /
27 | / / /
28 | / / /

### III.  Conclusion and Order

Accordingly, the Court **DENIES** Plaintiff's Motion for Reconsideration (Doc. No. 5). The case shall remain dismissed without prejudice for the reasons stated in the Court's May 18, 2015 Order (Doc. No. 2) and pursuant to the Clerk's Judgment entered on the same day (Doc. No. 3).

**IT IS SO ORDERED**.

DATED: September 21, 2015

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court